**Gerald D. ABNER, Plaintiff–Appellant,**

v.

**CITY OF DETROIT; Christine Beasley, Defendants–Appellees.**

**No. 03–2202.**

United States Court of Appeals, Sixth Circuit.

June 9, 2004.

Gerald D. Abner, Detroit, MI, pro se.

Sheri L. Whyte, City of Detroit, Law Department, Detroit, MI, for Defendants–Appellees.

Before KEITH and CLAY, Circuit Judges; and OBERDORFER, District Judge.*

*ORDER*

Gerald D. Abner, a pro se Michigan resident, appeals a district court judgment dismissing his civil action as frivolous. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Abner is a frequent litigator having filed at least twenty-seven cases in the district court. The district court had issued an order against Abner stating that he could no longer file a complaint without leave of the court. However, this case was filed prior to the entry of that order. In his complaint. Abner alleged that the defendants conspired to steal and extort certain materials from his computer. The district court dismissed the complaint as frivolous, noting that Abner had failed to establish the court's jurisdiction.

On appeal, Abner contends that the City of Detroit failed to answer his summons: that the city and its police department, along with a relative of an employee of the city, conspired to defame him and damage his reputation: that the police have subjected him to harassment: that he has been arrested and placed in a psychiatric hospital: and that he is under professional

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

care for stress, induced by the mental anguish caused by the Detroit police.

The district court's judgment is reviewed de novo. *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Under 28 U.S.C. § 1915(e), a court must dismiss a case at any time when it determines that the appeal "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint is frivolous under § 1915 if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams,* 490 U.S. 319, 322–23, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Wilson v. Yaklich,* 148 F.3d 596, 600 (6th Cir.1998).

The district court properly dismissed Abner's complaint. Abner alleged: that a relative of an employee of the mayor's office and the police department have subjected him to surveillance; that the defendants have attempted to retrieve information from his computer; that the defendants have attempted to damage his reputation by excessive monitoring; that the defendants have used excessive policing regiments; that a play that he has written has become the subject of extortion; that street urchins, criminals, and prostitutes have become allies against him; and that he has been offered sexual favors in an attempt to obtain access to his computer.

Abner failed to establish subject matter jurisdiction of the district court under 28 U.S.C. §§ 1331 or 1332. Abner's complaint does not raise a federal question under § 1331. Further, all the parties appear to be residents of Michigan. Thus, diversity jurisdiction under § 1332 is not available. In addition, Abner does not show how either defendant violated his constitutional rights. As Abner's complaint failed to establish the district court's jurisdiction, the district court did not err in dismissing the complaint as frivolous.

Abner also alleges in his brief that he is entitled to a default judgment against the City of Detroit as the city did not respond to its summons within seven days. However, the record shows that no summons was properly served on the city. Further, the district court granted Abner leave to proceed in forma pauperis and then immediately dismissed the complaint as frivolous. The city had no opportunity to file an answer to the complaint.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C). Rules of the Sixth Circuit.